John E. James III
(S.V.S.P.)
D-9-126
P.O. Box 1050
Soledad, CA. 93960

FILED
MAR 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. Dis Court N. Dis of California

John E. James III )
) Case No. # CV-07-6193-JSW-(PR)
vs. )
)
Mike S. Evan, & (1-10) )

Memorandum of Law In Support of Plaintiffs Motion for Preliminary Injunctive Relief

Plaintiff submits this memorandum of Law In support of their motion for a preliminary Injunction. (Prelim Injunc)

In determining rather a (prelim Injunct) should Issue, a court must consider whether the party seeking the Injunction has demonstrated that:

① It has a reasonable likelihood of success on the merits of the underlying claim; ② No adequate remedy at Law exists; ③ It will suffer Irreparable harm if the (prelim Injunc) is denied; ④ The Irreparable harm the party will suffer without Injunction relief is greater then the harm the opposing party will suffer if the (prelim Injunc) is granted; & ⑤ The (Prelim Injunc) will not harm the public Interest. Ty, Inc. v. Jones Group, Inc. 237 F.3d 891, 895 (7th cir 2001); Platinum Home Mortgage Corp. v. Platinum Fin. Group. Inc., 149 F.3d 722, 726 (7th cir 1998).

## I.) There is a reasonable likelihood that plaintiff will succeed on the merits in this case:

Here plaintiff is very likely to succeed on the merits. The Eighth (8th) Amendment prohibits prison officials from administering Excessive Force against prisoners; & they may not act with deliberate Indifference to Excessive Force (E/F) (See Hudson V. McMillian, 503 U.S. 1, (6-7) (1992); & Farmer V. Brennan, 511 U.S. 825 (1994)).

## II.) Plaintiff has already suffered Irreparable harm

The 1st Amendment prohibits jail & prison officials from retaliating against prisoners who report complaints, file greivance's, or file law suits. (See Allah V. Seirerling, 229 F.3d 220, 224 (3rd cir 2000))... In this matter plaintiff filed this law suit against (S.V.S.P.) officials on 12-6-07. On the following dates plaintiff was retaliated against: 12-10-07, 1-2-08, 1-21-08, 1-24-08, & 2-6-08; on each of those occassions plaintiff filed (602) grievance's. On 1-24-08 plaintiff was assulted by a defendant (Lutes), (SGT); & on 2-6-08 plaintiff was assulted & excessively beaten, & then Issued a False Criminal charge of: (Battery on a P.O.) (§37) Crime/Incident report (#SVSP-FD8-08-02-0087). In said False charge, the accusing staff, Supervizing, Reviewing, & Approving officials; are all defendant in this law suit before the court; & they are as follows: C/O Turk; (SGT) "M. Tellez"; (LT) "J. Stevenson"; (Cptn) "B. Rankin"; (warden) "M.S. Evans"; (CDCR) "Secretary"; & the other accusing staff C/O "G. Cobian"; plaintiff had recently filed said 1-2-08, (602) grievance against (Cobian) for retaliation, (serving plaintiff food with Fecies in it). The grievance was heard on 2-4-08 by also defendant (SGT) "J. Seltzer"; & (2) days later I was assulted by "Cobian, Turk, & Delgado". (See Ex:___)... Such actions Is a clear Chronology of events In which retaliation can be Inferred. (See Johnson V. Stovall, 223 F.3d 486, 489 (7th cir 2000))...

## III.) The Threatend Harm to Plaintiff Outweighs any Harm that Injunc may cause (defendants)

As this memorandum explains, Plaintiff was retaliatorially harrassed on multiple occassion; Assulted twice; Physically beaten; & Issued a False Criminal charge which has been referred to the Monterey County District Attorneys Office, (D.A.) "D. Flippo", for the prosecution, & Procurement of False Charge's against plaintiff. Due to these Unconstitutional Acts by officials, Plaintiffs actual Life, Liberty, & Future Freedom are now under egregious Threat. If the court does not grant this

II.) (Prelim Injunc), officials (viz; defendants) would be allowed to use the Criminal Justice System, (as their own personal weapon), to retaliate aginst prisoner who exercize their First 1st Amendment Rights of the U.S. Constitution

The relief that plaintiff seeks Is essentially an order protecting plaintiffs U.S. Constitutional Rights, the courts have consistently ruled In this matter, (stating that [T]he reason why..... retaliation offends the Constitution Is that It threatens to Inhibit exercize of the protected right. (See Crawford-El V. Britton, 523 U.S. 574, 588 n.10 (1998)..

Further stating, there are No Procedural Safeguards protecting a prisoner from False Retaliatory Allegations; Gaurds may ($ often does) file an accusation solely on his/her own words, making their mere accusation the only "modicum of evidence" (See Hines V. Gomez, 106 F.3d 265 (9th cir 1997)...

Note: "Though It is more then one gaurd In this matter, the situations are otherwize Identical..." [If] this court allows the retaliatory charge, $ Excessive Force, to go un'addressed, (simply because there is more the one retaliating official), the court would create an extremely dangerous "Loop-hole" for prison officials to retaliate aginst Inmates for exercizing their 1st Amend Right of the U.S. Constitution...

Being officials have been deliberately Indifferent to over (10) (602) Staff Complaint grievance's filed aginst them by plaintiff; approx (10) complaints filed to (s.v.s.P.) Warden "Evans"; approx (6) complaints filed to the "Secretary" of (CDCR); $ even an Investigation Into all the allegations of misconduct, ordered by the "Secretary", $ conducted by the (I.S.U.) Investigative Service Unit (LT) "McCall", (Receipt No.#491). And, even plaintiffs Civil Suit before the court wrightnow !! The Proposed relief Is Tailored as Narrowly, as the already "Proven Threat" to plaintiffs safety — $ further Irreparable harm, will allow to remedy the ongoing violations of plaintiffs Constitutional Right, $ to prevent the occurence of more Irreparable harm In the future. (See 18 U.S.C. § 3626(a).)

It will not cause the defendant any real "harm"...

**IV.) The Public Interest will not be disserved by a Grant of Preliminary Injunction**

Finally, plaintiff seeks a (Prelim Injunc) to protect their rights under the First, & Eighth Amendment of the U.S. Constitution. As a general matter, the "public Interest ..... ..... is always well served by protecting the Constitutional rights of all Its members. (See Reinert V. Haas, 585 F. supp. 477, 481 (S.D. Iowa 1984))...

Therefore, the public Interest is not served by defendants current practice's, of: Retaliation; Excessive Force; Due Process Violation; as does (1-10)...

///

**Conclussion:**

For these reasons, plaintiff ask this court to Order defendants, their successors, agents, employees, & all persons acting In concert with them; to adhere to, & comply with the attached requested action by plaintiff, as the relief sought In this (Preliminary Injunction Motion).

Respectfully Submitted:                                   /s/ John E. James III

## (Preliminary Injunction)

## Action Requested:

#1). For the court to order a Federal Criminal Indictment, & Investigation to be ordered aginst (S.V.S.P.) officials; concerning all of plaintiffs allegations of staff misconduct.

#2). To be Immediately Transferred out of (CDCR) custody; & Into Federal custody, to complete the remaining (34) months; of plaintiff (13) year term...

#3.) Order the False Criminal Charge referred to the Monterey County District Attorney (D.A.) "D. Flippo", by the defendants; to be re'cinded/ & or Dismissed...

#4). For the California Department of Corrections (CDCR) "Secretary"; to Issue plaintiff a written corrospondence, Igknowledging that plaintiffs Constitutional Rights have been violated In this matter. That the (CDCR) now recognized threat to plaintiffs life & safety due to his filing grievance's, complaints, & Law suits aginst (CDCR) officials. That he/she will ensure my safety; & that plaintiff will not be harrassed, assulted, beaten, set-up, Issued false charges, Issued excessive punishments, Intimidated, or harmed by prison officials In anyway; which does not serve a Penological Interest. (As long as plaintiff Is In (CDCR) custody)... And, any violation of this agreement, shall result In the Immediate termination of all guilty staff Involved; with the Maximum Civil & Criminal consequence sought aginst them, by (CDCR) & the State of California...
That the Secretary shall Immediately take all the necessary appropriate action, to transfer plaintiff out of (CDCR) custody; & Into Federal custody...
That the Secretary shall ensure that said False Criminal charge, referred by the defendants, shall not be prosecuted aginst plaintiff. (837) Incident #SVSP-FD8-08-02-0087
That the Secretary shall Issue an Investigation Into this matter, ensure It Is done diligently & correctly, & ensure that Adverse Personel Action Is taken aginst all guilty staff; & that

Continuing Action Requested:

#4). Criminal action is taken aginst all officers, Supervisors, managers, reviewers, etc; found to have committed misconduct...

#5). For the Court to order plaintiff given a "Polygraph Examination", Investigating Into all of plaintiffs allegations of Staff Misconduct... (Non-(CDCR) affiliated)

#6). For the Court to order statements collected from the Inmate witnesses to the 2-6-08 "Excessive Force" by staff, upon plaintiff. For a statement to be from every Inmate present In D-8-(C-section) on that day, for those statements to consist of everything those Inmates observed between plaintiff & staff that day; & for those statements to be collected by non-(CDCR) employees. Fore, Inmates will likely not talk to (CDCR) officials In an Investigation, fore fear of retaliation... For the court to collect a statement from: Inmate(s): "Brown", (D-8-224); "Seal", (D-8-124); those Inmates witnessed the Incident...

#7). For the Court to order (CDCR) to provide plaintiff with adequate Library/ /& or Paging System/ Court Access. For the Court to State the Standards, concerning the specifics of that Court Access (via, Pens-Paper-Legal Research, Copies-Postage-Etc...). Fore, (S.V.S.P.) D-1 (Ad-Seg) presently has an Unconstitutional practice of requiring Inmates to relinquish their Legal Documents to a prison gaurd, whom Inturn provides that prisoner with No receipt, barifying that the documents were even collected by said gaurd; then leaving prisoners waiting (5 to 10) days "Hoping" that their legal documents are returned In their totality, (If at all)... There Is no confidentiality; said gaurd Is not trained In law; gaurds are often fore-warned when Inmates are filing grievance aginst gaurds In court; & (Exculpatory Evidence) documents rutienly turn up missing Is said (Paging System)...