IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES, III, <br>     Plaintiff, <br> v. <br> MIKE EVANS, Warden, et al, <br>     Defendants. | No. C 07-6193 JSW (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** <br><br> (Docket No. 10) |

    Plaintiff, currently incarcerated at the California Correctional Institution in Tehachapi, California, has filed a civil rights complaint and amended complaint in this matter. Plaintiff has filed a motion to proceed *in forma pauperis* (docket no. 4), which was previously GRANTED. In this order the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the amended complaint with leave to amend within thirty days.

## DISCUSSION

    As a preliminary matter, Plaintiff has filed an extremely lengthy amended complaint with many attachments which includes apparently unrelated claims involving 37 different named Defendants and ten "Doe" Defendants. The claims in the complaint are wide-ranging and include claims of deliberate indifference to Plaintiff's health and safety, retaliation, First Amendment violations, filing of false charges against Plaintiff, interference with his mail, cruel and unusual punishment and conspiracy. However, Plaintiff has failed to clearly identify which claims relate to which Defendants and to set

forth a concise statement regarding the substance of each claim.

I Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II Legal Claims

Plaintiff's complaint includes a lengthy recitation of facts, a separate list of legal claims, and a number of identified claims but fails to identify which actions of each individual Defendant violated his rights with regard to each claim. A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In this case, Plaintiff's complaint fails to provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and

the conduct of each individual Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim. If he contends any Defendant is liable for more than one of the claimed constitutional violations, he must specify that. As such, Plaintiff will be granted leave to amend to allege specifics.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed

to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff might be able to state a claim upon which relief may be granted if he can in good faith allege facts which clearly and briefly identify the injury he suffered, or continues to suffer, personally as a result of the alleged actions of individual Defendants; identify specifically and link to his allegations to the responsible parties. If Plaintiff wishes to proceed against "Doe" Defendants, he must also identify their actions within the claims and the basis for liability of each one. Without this basic information, the complaint cannot proceed. The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

Plaintiff's third motion for a preliminary injunction is DENIED for the reasons set forth in this Court's order of September 30, 2008 (docket no. 10).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in dismissal of the complaint.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no

4

1 | longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,
2 | 506 U.S. 915 (1992).
3 |      3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
4 | Court informed of any change of address and must comply with the Court's orders in a
5 | timely fashion. Failure to do so may result in the dismissal of this action under Federal
6 | Rule of Civil Procedure 41(b).
7 |      IT IS SO ORDERED.
8 | DATED: October 3, 2008
9 |
10 |      JEFFREY S. WHITE
     United States District Judge

5

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

JOHN E. JAMES III,

        Plaintiff,

  v.

MIKE S. EVANS et al,

        Defendant.

Case Number: CV07-06193 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John E. James P-13474
P.O. Box 1906
Tehachapi, CA 93581

Dated: October 3, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk