1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    JOHN E. JAMES, III,                    )    No. C 07-6193 JSW (PR)
                                            )
9              Plaintiff,                   )
                                            )
10       v.                                 )    **ORDER OF DISMISSAL WITH**
                                            )    **LEAVE TO AMEND**
11   MIKE EVANS, Warden, et al,             )
                                            )
12             Defendants.                  )
                                            )
13   _____       )
14
15         Plaintiff, currently incarcerated at the California Correctional Institution in
16   Tehachapi, California, has filed a civil rights complaint and amended complaint in this
     matter.  The complaint was dismissed with leave to amend, and Plaintiff filed a timely
17   amended complaint.  In this order, the Court reviews Plaintiff's amended complaint
18   pursuant to 28 U.S.C. § 1915A.  As the amended complaint still contains deficiencies, it
19   is dismissed with one more opportunity to amend within thirty days.
20                             **DISCUSSION**
21   I.    Standard of Review
22         Federal courts must engage in a preliminary screening of cases in which prisoners
23   seek redress from a governmental entity or officer or employee of a governmental entity.
24   28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the
25   complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or
26   fails to state a claim upon which relief may be granted," or "seeks monetary relief from a
27   defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be
28

1    liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.

2    1990).

3            To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two  elements:

4    (1) that a right secured by the Constitution or laws of the United States was violated, and

5    (2) that the alleged violation was committed by a person acting under the color of state

6    law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

7    II      Legal Claims

8            Plaintiff's original complaint was extremely lengthy, had many attachments, many

9    unrelated claims involving 37 different named Defendants and ten "Doe" Defendants.

10   The claims were wide-ranging and included claims of deliberate indifference to

11   Plaintiff's health and safety, retaliation, First Amendment violations, filing of false

12   charges against Plaintiff, interference with his mail, cruel and unusual punishment and

13   conspiracy.  The complaint was dismissed because it did not set forth a short and plain

14   and separate statement regarding each claim, i.e. the specifics regarding the mistreatment

15   he suffered, how it violated his constitutional rights, whether he suffered any injury as a

16   result, and the conduct of each individual Defendant that he asserts is responsible for a

17   constitutional violation.  Plaintiff was given leave to amend to do so.

18           While the amended complaint attempts to identify the Defendants responsible for

19   the alleged violations complained of, it continues to suffer from many of the same

20   problems as the original complaint.  It is long and rambling, has 49 pages of exhibits,

21   names 33 Defendants and ten "Doe Defendants."  Like the original complaint, the

22   amended complaint covers a wide variety of prison conditions and unrelated incidents,

23   and appears to touch upon everything plaintiff found objectionable at his prison between

24   the end of 2006 and the end of 2007.  He includes allegations include retaliation,

25   deliberate indifference to safety, violations of the Americans with Disabilities Act,

26   "chilling" his First Amendment rights, false disciplinary reports for a variety of rules

27

28                                                      2

violations, fabricated criminal charges, refusal to move cells, interference with mail, excessive force, placement in administrative segregation, confiscation of legal materials, conspiracy, denial of law library access, the temperature of his cell, food portions, confiscation of personal property, "harassment," "cover-ups," the inmate appeals process, and indifference to his medical needs, among a host of other allegations. These disparate allegations and claims are frequently combined and overlapping in the amended complaint, and as in the original complaint, Plaintiff has not separated them out into distinct claims.

The amended complaint has several deficiencies that require further amendment. First, the amended complaint has many claims and Defendants that are not properly joined under Federal Rule of Civil Procedure 20(a). Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." As described above, plaintiff's broad array of claims arise out of many distinct incidents and actions by numerous individuals over the course of approximately one year. Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over the a year in prison that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his second amended complaint, they will be dismissed.

Second, the amended complaint does not comply with the requirement that the averments be "simple, concise, and direct." Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct," and the failure to adhere to this requirement may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").  The amended complaint here does not comply with Rule 8(e). There are not simple, concise and direct averments.  Instead, the rambling factual allegations include unnecessary minutiae about dozens of interactions between plaintiff, other inmates and staff, and the amended complaint is replete with conclusory arguments about retaliation, cover-ups and conspiracies.  Like the original complaint, moreover, the amended complaint does not separate out the allegations into distinct claims but rather combines many disparate claims and arguments, rendering it impossible to discern precisely what claims he is asserting.

Third, it appears that plaintiff has improperly included as defendants persons who did no more than fail to grant his administrative appeals. There is no constitutional right to a prison administrative appeal or grievance system.  *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).  Plaintiff had no federal constitutional right to a properly functioning appeal system.  An incorrect decision on an administrative appeal or a failure to handle it in a particular way therefore does not amount to a violation of his constitutional rights. Claims for the failure to grant administrative appeals should not be repeated in the second amended complaint.

Plaintiff has been granted leave to amend once, and he would not ordinarily be given a second opportunity to amend, particularly as his amended complaint both suffers from some of the same deficiencies as the original complaint as well as containing new problems.  However, the amended complaint does attempt to address one of the problems of the original complaint by identifying the alleged actions of the various Defendants that caused the violation of his rights.  In addition, it is possible that Plaintiff, a pro se

4

prisoner, may not have been aware of the amended complaint's most egregious deficiency – the improper joinder of claims and Defendants under Rule 20.  For these reasons, Plaintiff will be given one more opportunity to amend his complaint, as ordered below.  The second amended complaint must cure the deficiencies identified in both this order and the previous order granting leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The amended complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file a second amended complaint within ***thirty days from the date of this order*** in which he cures the deficiencies in the amended complaint. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED SECOND AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference.  Failure to amend within the designated time and in accordance with this order will result in the dismissal of these claims.

2.  As Plaintiff's claims are within his personal knowledge, and in light of both his prior opportunity to amend and the age of this case, only a minor extension of this deadline will be considered and will only be granted upon a showing by Plaintiff of good cause.

//

//

1       3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

2 Court informed of any change of address and must comply with the Court's orders in a

3 timely fashion.  Failure to do so may result in the dismissal of this action under Federal

4 Rule of Civil Procedure 41(b).

5       IT IS SO ORDERED.

6 DATED:  November 8, 2010

7                _____

8                JEFFREY S. WHITE
                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    UNITED STATES DISTRICT COURT

2    FOR THE

3    NORTHERN DISTRICT OF CALIFORNIA

4

5

6    JOHN E. JAMES III,                          Case Number: CV07-06193 JSW

7              Plaintiff,                        **CERTIFICATE OF SERVICE**

8       v.

9    MIKE S. EVANS et al,

10             Defendant.
     _____/

11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

13   That on November 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing
     said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
14   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
     delivery receptacle located in the Clerk's office.

15

16

17   John E. James P-13474
     P.O. Box 5104
18   Delano, CA 93216

19   Dated: November 8, 2010

20                                                  Richard W. Wieking, Clerk
                                                    By: Jennifer Ottolini, Deputy Clerk
21

22

23

24

25

26

27

28