IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN E. JAMES, III, | ) | No. C 07-6193 JSW (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER OF PARTIAL DISMISSAL** |
| v. | ) | **AND OF SERVICE** |
| | ) | |
| B. ESSER, | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, currently incarcerated at the Pleasant Valley State Prison, has filed a civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. On November 8, 2010, the amended complaint was dismissed, and Plaintiff was given leave to amend a second time. Plaintiff has filed a second amended complaint against one defendant, Correctional Officer B. Esser, an employee of Salinas Valley State Prison where plaintiff was formerly housed. For the reasons discussed below, the claims in the second amended complaint will be served, and the claims against defendants not named in the second amended complaint will be dismissed.

**DISCUSSION**

I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      Legal Claims

The allegations in Plaintiff's second amended complaint, when liberally construed, state cognizable claims against defendant B. Esser for retaliation, in violation of the First Amendment, and for the use of excessive force, in violation of the Eighth Amendment.

Plaintiff has not included in the second amended complaint the defendants named in the original or first amended complaint. Defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). Consequently, the claims against the other defendants will be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The claims against all defendants other than Correctional Officer B. Esser are DISMISSED.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the <u>second amended complaint</u> and all attachments thereto, and a copy of this order upon: Defendant **Correctional Officer B. Esser** at **Salinas Valley State Prison**.

<u>The Clerk shall also mail a courtesy copy of the second amended complaint and this order to the California Attorney General</u>.

The Clerk shall also serve a copy of this order on Plaintiff.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **ninety (90) days** from the date this order is filed, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on the Plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)." *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

    c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is

due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: February 1, 2011

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
|   | UNITED STATES DISTRICT COURT |
|   | FOR THE |
|   | NORTHERN DISTRICT OF CALIFORNIA |

JOHN E. JAMES III,

        Plaintiff,

  v.

MIKE S. EVANS et al,

        Defendant.
                                    /

Case Number: CV07-06193 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 1, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John E. James P-13474
P.O. Box 5104
Delano, CA 93216

Dated: February 1, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk